IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

BRANDY MARIE T. A.,

              Plaintiff,

      v.                                     Civil Action No.
                                           6:18-CV-0510 (DEP)


COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF

CONBOY, McKAY LAW FIRM     VICTORIA H. COLLINS, ESQ.
407 Sherman Street
Watertown, New York 13601-9990

FOR DEFENDANT

HON. GRANT C. JAQUITH        JAMES DESIR, ESQ.
United States Attorney for the    Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

    Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on May 21, 2019, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1)    Plaintiff's motion for judgment on the pleadings is GRANTED.

2)    The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

---

[1]    This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

3)     The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4)     The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:     May 28, 2019
             Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
BRANDY MARIE T. A.,

                Plaintiff,

vs.                     6:18-CV-510

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-------------------------------------------x

      Transcript of a **Decision** held during a

Telephone Conference on May 21, 2019, at the James

Hanley Federal Building, 100 South Clinton Street,

Syracuse, New York, the HONORABLE DAVID E. PEEBLES,

United States Magistrate Judge, Presiding.


                A P P E A R A N C E S

                (By Telephone)

For Plaintiff:     CONBOY, McKAY LAW FIRM
                     Attorneys at Law
                     407 Sherman Street
                     Watertown, New York  13601-9990
                       BY:  VICTORIA H. COLLINS, ESQ.

For Defendant:     SOCIAL SECURITY ADMINISTRATION
                     Office of Regional General Counsel
                     Region II
                     26 Federal Plaza - Room 3904
                     New York, New York  10278
                       BY:  JAMES DESIR, ESQ.

            *Jodi L. Hibbard, RPR, CSR, CRR*
          *Official United States Court Reporter*
               *100 South Clinton Street*
            *Syracuse, New York  13261-7367*
                 *(315) 234-8547*

1          (In Chambers, Counsel present by telephone.)

2          THE COURT:  I have before me a request for judicial

3     review of an adverse determination by the Acting Commissioner

4     pursuant to 42 United States Code Section 405(g) and

5     1383(c)(3) of an adverse determination denying her benefit

6     application.

7          The background is as follows:  Plaintiff was born

8     in April of 1979 and is currently 40 years old.  She was 38

9     years old at the time of the hearing and 33 at the time of

10    the alleged onset of her disability.  Plaintiff lives in

11    Lyons Falls with her mother, fiance, 20-year-old son,

12    17-year-old daughter, 15-month-old daughter, the son's

13    girlfriend, and a four-month-old granddaughter.  She did not

14    finish 11th grade.  She stands 5 foot 7 inches in height and

15    weighs 125 pounds.  She currently has no driver's license, it

16    apparently was suspended.

17          In terms of work activity, plaintiff last worked,

18    according to her, in 2006.  It's unclear in what capacity.

19    The records, the administrative transcript indicates that she

20    served as a bartender in 2003 and 2004, three days a week,

21    eight hours; as a cashier at a convenience store in 2004,

22    three days per week for four hours each; and as a certified

23    nursing assistant in various places from 1997 to September of

24    2002, five days per week eight hours.

25          The indications are that plaintiff suffers from a

1    lumbar back issue that emanates back to a work-related

2    injury, it's unclear whether it was 2000 or 2002, the record

3    is equivocal on that issue.  The plaintiff has undergone

4    various testings.  There was magnetic resonance imaging or

5    MRI testing performed in May of 2016 at page 806, that

6    revealed relatively minor findings, at L4-L5 minimal disk

7    bulging is seen, at L5-L6, there is no disk dessication.  The

8    impression recorded at 807 was degenerative change most

9    prominent at L5-S1, mild left and no significant right neural

10   foraminal narrowing.

11          For her back, plaintiff has been prescribed

12   tramadol, as needed.  She says that, she testified that she

13   takes it 10 to 12 times per month.  Nerve blocks have been

14   attempted, at one point she was using a TENS unit.  She also

15   suffers from chronic migraines since she was a teenager,

16   that's at 550, worse over the last year.  She has -- was

17   originally prescribed Imitrex but now is on Maxalt.  She has

18   mild COPD and treats that with inhalers.  She also testified

19   she suffers from IBS and diarrhea.

20          Plaintiff's primary care provider is Dr. John

21   Leuenberger of the South Lewis Health Center.  She also has

22   treated at Slocum-Dickson from May 15, 2015, and has two

23   consults with Dr. Nicholas Qandah.  In addition to the

24   medications I mentioned, she has been prescribed gabapentin,

25   L-Tryptophan, propranolol, amitriptyline, Ambien, Sinemet,

1    Prozac, and Prednisone.  Plaintiff also apparently suffers

2    from mild depressive -- a major depressive disorder, that was

3    diagnosed at 312.  She told Dr. Cuyler during her

4    consultative examination she was admitted to St. Elizabeth's

5    Hospital in Utica in 2011 and diagnosed with bipolar

6    disorder.  There aren't any records to support that in the

7    administrative transcript.  Plaintiff smokes.  In February of

8    2017 it was reported at 550 she smokes one pack per day.  At

9    302, 432, 782, and 314 it was reported she smokes a half pack

10   a day.

11        In terms of activities of daily living, she does

12   some cooking although she testifies that she sits on a stool

13   when she does.  She shops but cannot lift her groceries,

14   bathes, she uses a computer, she takes two naps per day,

15   watches television, cares for dogs, does some basic cleaning

16   but no laundry, no mopping, and no sweeping.  Her daily

17   activity are reported at 43-44, 52-53, 256, 311, and 314 at

18   the administrative transcript.

19        Procedurally, plaintiff applied for Supplemental

20   Security Income payments or SSI payments on May 29, 2014.

21   There's an indication in the record that that may not have

22   been her first SSI application.  She alleged in that

23   application an onset disability date of August 15, 2012.  At

24   248 of the administrative transcript, she alleged, as a basis

25   for her application, disability including lower back injury,

1     left hip injury, post-traumatic stress disorder, bipolar

2     disorder, and degenerative disk disease.

3            On April 27, 2017, Administrative Law Judge John P.

4     Ramos conducted a hearing to address plaintiff's application.

5     On June 14, 2017, ALJ Ramos issued an unfavorable decision

6     finding that plaintiff was not disabled at the relevant times

7     and therefore ineligible for the benefits sought.

8            On March 12, 2018, the Social Security

9     Administration Appeals Council denied review of that

10     determination, making it a final determination of the agency.

11            In his decision, ALJ Ramos applied the familiar

12     five-step sequential test for determining disability.  He

13     first determined that she had not engaged in substantial

14     gainful activity since the alleged -- since the date of

15     May 29, 2014, the date of her application for benefits.

16            At step two, he concluded that plaintiff suffers

17     from severe impairments that provide more than minimal

18     limitation on her ability to perform basic work functions,

19     including a back impairment and a neck impairment.  At step

20     three, the -- and at step two he rejected migraine headaches,

21     left shoulder condition, and IBS.  Also, he rejected the

22     mental conditions claimed by the plaintiff.

23            At step three, ALJ Ramos concluded that plaintiff's

24     conditions did not meet or medically equal any of the listed

25     presumptively disabling conditions set forth in the

1    Commissioner's regulations, specifically including Listing

2    1.04, finding no evidence of root compromise or cord

3    compromise, spinal cord compromise.  The administrative law

4    judge then concluded that despite, or notwithstanding her

5    conditions, she retains the residual functional capacity, or

6    RFC, to perform a full range of sedentary work.

7         After finding at step four that plaintiff did not

8    have any work that qualified as past relevant work under the

9    Guidelines, he concluded at step five, applying the Medical

10   Vocational Guidelines or the Grids, that Rule 201.24 of the

11   Grid rules would compel a finding of no disability.

12        As you know, my task in this case is limited to

13   determining whether correct legal principles were applied and

14   the determination is supported by substantial evidence, which

15   is defined as such evidence as a reasonable person would find

16   adequate to support a particular conclusion.

17        First, turning to the argument regarding treating

18   source and Dr. Leuenberger's opinion at 751, that clearly is

19   an opinion that touches on the ultimate issue of disability

20   that is returned -- reserved I should say to the

21   Commissioner.

22        In terms of other treating sources, the fact that

23   Dr. Qandah is not mentioned is not fatal.  There's no

24   requirement under the regulations or case law that every

25   single piece of evidence be considered, and it was noted that

1  Dr. Qandah only saw the plaintiff twice.  The discrediting of

2  Dr. Martinucci I find was adequately explained.  He's an

3  anesthesiologist.  His opinion came from September 2011, well

4  outside the relevant period and quite stale.  It contains

5  extreme limitations that are not supported by the mild

6  objective findings in the record and it is a check-the-box

7  form with no explanation.  I think Dr. -- I think ALJ Ramos

8  did a good job of explaining why he rejected the treating

9  source arguments.

10          In terms of residual functional capacity, I agree

11  with the Commissioner that Dr. Cuyler's consultative

12  examination and opinions resulting from that consultative

13  examination is consistent with the ability to perform

14  sedentary work.  It is somewhat stale because it was from

15  2014 but he was an examining physician and as such, his

16  opinions can provide substantial evidence to support a

17  conclusion.  I note also that it is consistent with the

18  evidence in the record including MRI testing and exam

19  results.

20          The more problematic issue is the step two finding.

21  It's -- the governing regulations provide that an impairment

22  or combination of impairments is not severe if it does not

23  significantly limit a claimant's physical or mental ability

24  to do basic work activities.  Basic work activities is

25  defined to include the abilities and aptitudes necessary to

do most jobs.  The second step requirement is de minimus, and intended only to screen out the weakest of cases.  On the other hand, the mere presence of a disease or impairment, even one that has been diagnosed, is not by itself sufficient to establish a condition as severe.  I note that also, as plaintiff's counsel anticipated, an error at step two is not necessarily harmful if the condition that is not found to be severe at step two results in limitations that are incorporated into an RFC finding.

The -- there's no question that when this application was made in 2014, plaintiff did not claim migraine headaches as one of her disabilities, that's at 248.  However, she has testified at the hearing that she now suffers from headaches on a frequent basis, three times per week she testified she takes Maxalt.  She testified to the effects of her migraines, halo effect, rings around her eyes, dizziness and sometimes nausea and vomiting, and she testified that she must be in a quiet dark room for one and one half hours.

The -- notably, ALJ Ramos rejected the migraines for these reasons:  The MRI of the brain was normal; in addition, the claimant stated that the headaches had been present for many years but she was able to work with them in the past; and three, she has presented no evidence of working -- worsening.

1          With regard to the first, I agree with plaintiff

2     that this places an undue burden on the plaintiff.  Although

3     the plaintiff clearly, under *Poupore*, does have the burden of

4     proving not only a condition but the limitations associated

5     with the condition, many, many cases have noted the elusive

6     nature of migraines and have rejected opinions of ALJs that

7     have found migraines not to be severe based upon the lack of

8     objective evidence.  Examples of that include *Groff v.*

9     *Commissioner of Social Security*, 2008 WL 4104689 from the

10    Northern District of New York 2008, based on a

11    report-recommendation by one of my former colleagues, Judge

12    Randolph F. Treece, adopted by at that time Chief District

13    Judge Norman A. Mordue; also in *Dodson v. Berryhill*, 2017 WL

14    2838167, that was a decision also from the Northern District

15    of New York, 2017, from District Judge Lawrence Kahn; and

16    *Randel v. Colvin*, 2016 WL 1238240 from the Northern District

17    of New York, 2016.

18         The second reason given is also fallacious.  It

19    says that the claimant stated that the headaches have been

20    present for many years but she was able to work with them in

21    the past.  The last significant work of any sort that I could

22    find that she testified to, even though she said she's worked

23    up to 2006, was as a bartender in 2004, so, and we've, during

24    our discussions, we found the references to how long she has

25    been -- she's been experiencing migraines, and there was only

1  one that referenced since she was a teenager, but others

2  appear to be more recent.

3          The last reason given is also fallacious.  It --

4  ALJ Ramos stated there was no evidence of worsening, when in

5  fact the plaintiff's testimony reflects worsening, and a

6  February 9, 2017 note from Dr. Goldiner at 550 reports that

7  plaintiff, plaintiff's headaches were worsening, she has a

8  history of migraines since a teenager, she feels over the

9  last one year becoming much worse, currently has 20 migraines

10  per month, pain of 9 out of 10.

11          So the reasons given by ALJ Ramos for rejecting the

12  migraines do not -- are not supported by substantial

13  evidence.  Whether it is harmless or not, the -- oh, and he

14  also, she also explained to Dr. Leuenberger that she has 20

15  to 25 per month, she described stabbing pain, aura, spots,

16  and said they've been severe for the past five years, that

17  was in September of 2016 at 455 and 460.

18          Is it harmless error?  If it would affect work, and

19  there was nothing in the RFC that addressed this, it's not

20  harmless error.  Plaintiff testified that when she

21  experiences a migraine, she must lie down in a dark quiet

22  room for an hour to an hour and a half.  That's at 41.  I am

23  unable to say that the migraines, particularly the frequency

24  that she testified to and reported to her care providers,

25  would not affect her ability to perform work functions, and

1    so I don't find that the error is harmless, and I do find

2    that there was error, so I will grant judgment on the

3    pleadings to the plaintiff.  I do not find persuasive

4    evidence of disability such that a directed finding of

5    disability should be entered.  Instead, I will vacate the

6    Commissioner's determination, remand the matter to the

7    Commissioner for further proceedings consistent with this

8    opinion.

9            Thank you both for excellent presentations, hope

10   you have a good day.

11           MS. COLLINS:  Thank you, your Honor.

12           MR. DESIR:  Thank you, your Honor.

13           MS. COLLINS:  Thank you for your time, your Honor.

14                (Proceedings Adjourned, 1:10 p.m.)

15

16

17

18

19

20

21

22

23

24

25

1               CERTIFICATE OF OFFICIAL REPORTER

2

3

4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

5  Official Realtime Court Reporter, in and for the

6  United States District Court for the Northern

7  District of New York, DO HEREBY CERTIFY that

8  pursuant to Section 753, Title 28, United States

9  Code, that the foregoing is a true and correct

10  transcript of the stenographically reported

11  proceedings held in the above-entitled matter and

12  that the transcript page format is in conformance

13  with the regulations of the Judicial Conference of

14  the United States.

15

16             Dated this 22nd day of May, 2019.

17

18

19             /S/ JODI L. HIBBARD

20             JODI L. HIBBARD, RPR, CRR, CSR
                Official U.S. Court Reporter

21

22

23

24

25